SAMUEL CARDILLO, as Administrator of the Estate of MARION A. CARDILLO, Deceased, Appellant, *v.* LEHIGH VALLEY RAILROAD COMPANY, Respondent.

Third Department, June 13, 1952.

*Kenneth J. Smith* for appellant.

*Harold E. Simpson* for respondent.

HEFFERNAN, J. The accident which resulted in the death of plaintiff's intestate, a boy sixteen years of age, occurred in the city of Cortland at about noon on September 24, 1947. Defendant's single track railroad crosses Cleveland Street at grade. The defendant's tracks at this point run generally north and south and Cleveland Street runs generally east and west. Defendant's train approached this crossing from the north. On the day in question, decedent was operating his father's automobile in an easterly direction along Cleveland Street. River Street crosses defendant's right of way about 407 feet to the north of Cleveland Street and about 932 feet to the north of Cleveland Street there is a railroad bridge crossing a river. There was nothing to obstruct the view of either the decedent or defendant's engineer between the river bridge and a point 210 feet to the west of the crossing. It was a clear dry day. There is proof that as decedent's vehicle approached the crossing he was traveling at a speed of twenty miles per hour until the car was within 35 feet of the crossing at which point the driver commenced to reduce speed and as one witness testified, the car " came to what we call a rolling stop, you see, he didn't stop dead still but he checked his speed and then just kept the car rolling ahead, rolling ahead, rolling ahead ". This witness also testified that the car came to a stop when the " front wheels were not over 2 feet from the west rail ". The vehicle remained in a stationary position for a period of five to ten seconds when it was struck by defendant's locomotive and plaintiff's intestate was fatally injured.

There is conflicting evidence as to the speed of the train. The maximum speed testified to was between twenty-five and thirty miles per hour and the minimum five to six miles per hour. The question of the train signals is also in dispute. One witness who testified on behalf of the plaintiff said he did not hear the whistle or bell ring, while another witness for the plaintiff testified that the whistle blew continuously from River Street to Cleveland Street.

The rules of defendant established a rate of speed of five miles an hour as the speed limit at crossings within the yard limits. The Cleveland Street crossing is within those limits. There is also a conflict in the testimony as to the position of the car just before the collision. As we have already shown, one of plaintiff's witnesses said the car stopped two feet west of the west rail. Another witness on behalf of plaintiff testified that the dirt that had been knocked off the car was between the rails.

It is conceded that the engineer did not apply the brakes until after the collision. The point of contact was established as seventeen feet south of the north curb line of Cleveland Street. Defendant's engineer testified that he reached for the brake handle and missed it when the front of the locomotive was at the north end of the intersection. There is proof that this train could have been stopped within a distance of twelve or fifteen feet if it were traveling at a rate of speed of five miles an hour and within 150 feet at a speed of from twenty-five to thirty miles an hour.

At the close of plaintiff's proof, defendant moved for a non-suit and for a dismissal of the complaint on the ground that the plaintiff failed to establish a cause of action and also that it appeared that his intestate was guilty of contributory negligence as a matter of law. The trial court reserved decision on this motion. At the close of the entire case defendant again moved for a nonsuit and for a directed verdict upon the ground that the decedent was guilty of contributory negligence as a matter of law. The court granted both motions and from a judgment entered thereon the plaintiff has come to this court.

We think that the questions of defendant's negligence and decedent's contributory negligence were clearly questions of fact for a jury. Decedent's vehicle was stopped in a position of extreme danger in close proximity to defendant's tracks. From the evidence the jury would have been justified in finding that the train's whistle was being continuously sounded during the time that the automobile remained in a stationary position. From that fact a jury might well draw the inference that the engineer knew the car was stalled in a position of danger. Under these circumstances the engineer could have obviated the decedent's peril by a timely stopping of the train. Knowledge may be established by circumstantial evidence.

The court erred in granting defendant's motions and the judgment should be reversed on the law and facts, and a new trial granted, with costs to appellant to abide the event.

Foster, P. J., Brewster, Bergan and Coon, JJ., concur.

Judgment reversed, on the law and facts, and a new trial granted, with costs to appellant to abide the event.